UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEILER DANIEL RODRIGUEZ
MANRESA,

        Plaintiff,

    v.

WARDEN DAVID HARDIN, FOD
GARRETT J. RIPA, ACTING
DIRECTOR TODD M. LYONS,
SECRETARY OF DHS
MARKWAYNE MULLIN,
ATTORNEY GENERAL TODD
BLANCHE,

        Defendants.

Case No. 2:26-cv-1080-KCD-DNF

/

**ORDER**

Petitioner Keiler Daniel Rodriguez Manresa has filed a second habeas corpus petition challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 2.) The Court denied his first petition because his detention was still within the six-month presumptively reasonable period under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and thus did not run afoul of the Fifth Amendment. *See Manresa v. Noem*, No. 2:26-cv-149-KCD-DNF, 2026 WL 477565 (M.D. Fla. Feb. 20, 2026). Manresa is back, arguing that because the six months have now run, he must be released. (Doc. 2.) The

Government opposes the petition (Doc. 9), and Manresa replied (Doc. 10). For the reasons below, the petition is **DENIED**.

Manresa illegally entered the United States on August 8, 2022. (Doc. 2 ¶ 27.) Important for reasons discussed below, he was apprehended at the border and released on his own recognizance. (*Id.*) Manresa's removal proceedings were later dismissed to expedite his removal, and he was taken into ICE custody on October 8, 2025. (*Id.* ¶ 30.) Manresa has appealed that dismissal, so there is no final removal order. (Doc. 9-1 at 17-19.)

Manresa argues that he is entitled to a bond hearing, and 8 U.S.C. § 1226 is the vehicle through which he would obtain such relief. (Doc. 2 at 9.) We've already plowed that ground. In its prior decision, the Court explained that, because Manresa was apprehended at the border, he was squarely within § 1225. *Manresa*, 2026 WL 477565, at *1. Section 1225 says nothing "whatsoever about bond hearings." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). So Manresa's continued detention without a bond hearing cannot be in violation of the Immigration and Nationality Act.

Manresa then raises three claims that all point to the same issue: his detention violates the Fifth Amendment because it now exceeds six months. (Doc. 2 at 7-9.) Not so. As this Court has already explained in detail, such a claim is not available for arriving aliens held under § 1225. *See Lezcano v.*

*Ripa*, No. 2:26-cv-766-KCD-DNF, 2026 WL 1004523, at \*2-5 (M.D. Fla. Apr. 14, 2026). The reasoning from *Lezcano* is equally applicable here. *Id.*

One can certainly understand Manresa's frustration with his current position, waiting in a detention cell for months while his immigration case inches forward. Yet this Court cannot use judicial fiat to conjure a due process claim just to ease the wait. We are not staring down the barrel of indefinite detention—the constitutional danger the Supreme Court found so problematic in *Zadvydas*. Manresa's current custody has a clear statutory endpoint: it lasts only "until removal proceedings have concluded." *Jennings*, 583 U.S. at 299. And if he eventually receives a final order of removal only to have his deportation stall, the doors of the courthouse will open for him to seek relief under *Zadvydas*. Because the existing framework comes with a built-in expiration date, there is no reason to engineer a constitutional workaround.

## IV. Conclusion

Manresa is legally situated at the border and subject to mandatory detention under 8 U.S.C. § 1225. Because that statute provides no right to a bond hearing, and the Due Process Clause does not step in to supply one for an arriving alien, his continued custody is lawful. Accordingly, Manresa's Petition for a Writ of Habeas Corpus (Doc. 2) is **DENIED**. The Clerk is directed to terminate any pending motions and close the case. The Clerk is

3

further directed to terminate Glades County Detention Center Warden David Hardin.

**ORDERED** in Fort Myers, Florida on May 5, 2026.

Kyle C. Dudek
United States District Judge